LEO ANDERSEN, APPELLEE, V. CLYDE S. FRANCISCO ET AL., APPELLANTS.

337 N.W.2d 746

Filed August 12, 1983. No. 82-461.

James P. Miller and Owen A. Giles, for appellants.

Smith, Smith & Boyd, for appellee.

BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

McCOWN, J.

This is an action for specific performance of a contract to purchase real estate. The District Court granted specific performance and ordered the defendants to execute a warranty deed upon payment of the balance due on the real estate contract, plus interest. The sellers have appealed.

On September 20, 1969, plaintiff agreed to purchase and the defendants agreed to sell approximately 189 acres of farmland situated in Dakota County, Nebraska. The total purchase price was $28,650. The downpayment was $3,000 and $6,500 was payable by the assumption of a first mortgage, and the remaining principal balance was payable $6,000 on March 1, 1970, and $2,000 each March 1 thereafter until paid in full, with interest at 6 percent from March 1, 1970, payable on each March 1 thereafter.

Plaintiff made the $3,000 downpayment, assumed the mortgages, and on February 23, 1970, paid the $6,000 principal payment. The defendants became concerned about income tax consequences and on March 24, 1970, the parties executed an amendment to the contract which provided that instead of paying $2,000 on principal each March 1 beginning in 1971 until the balance of the purchase price was paid on March 1, 1977, the plaintiff agreed to pay no principal payments until March 1, 1976, and to pay $2,000 on that date and a like amount each March 1 thereafter through March 1, 1982, with the balance of the purchase price due on March 1, 1983. All other terms of the original contract remained unchanged.

Over the years the plaintiff timely tendered all sums due under the contract as amended to the defendants, but the defendants refused to cash the checks. Plaintiff has been in possession of the premises since 1969 and has paid all real estate taxes since that time. Plaintiff has improved the premises and

the $6,500 first mortgage lien has been paid in full.

In 1980 plaintiff filed this action for specific performance, praying for delivery of a warranty deed upon payment to the defendants of all moneys due and owing under the contract. Trial to the District Court was had in February 1982. On June 4, 1982, the District Court found that plaintiff had paid the $3,000 downpayment and the $6,000 principal payment due March 1, 1970, and had assumed the $6,500 mortgage, leaving a principal balance due on the $28,650 contract of $13,150, with interest at 6 percent per annum from March 1, 1970, in the sum of $9,673.36. The court also found that defendants had made a $533.33 mortgage payment for which they were entitled to credit. The District Court therefore entered judgment directing specific performance of the contract as amended and ordered defendants to deliver a warranty deed upon payment of $23,356.69. Defendants have appealed.

On appeal defendants contend that plaintiff's action is barred by the applicable statute of limitations and that plaintiff is guilty of laches. The record does not support defendants' contentions.

Upon a complete review of the record de novo this court agrees with the determination of the District Court.

AFFIRMED.

KRIVOSHA, C.J., participating on briefs.